UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTHEAST TANK AND ENVIRONMENTAL SERVICES, INC. and<br>KMSPE THOMAS, LLC<br><br>　　　　　　Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 in which the plaintiff, Nautilus Insurance Company ("Nautilus"), petitions this Court for declarations that it owes no coverage obligations, defense or indemnity, in connection with an underlying tort action by KMSPE Thomas, LLC ("Thomas Energy Center") against Nautilus' insured, Northeast Tank & Environmental Services, Inc. ("Northeast Tank"), asserted as a Counterclaim in *Northeast Tank & Environmental Services, Inc. v. Mary Endrowes Demain, Inc. d/b/a Thomas Energy Center and KMSPE Thomas, LLC*, Civil Action No. 1885CV00703-A, filed in the Massachusetts Superior Court for Worcester County (the "Underlying Action").

2. This Court has original jurisdiction over this action by reason of diversity of citizenship between Nautilus and the defendants pursuant to the provisions of Title 28 U.S.C. § 1332. Upon information and belief, given the nature of the underlying claims and alleged damages, the amount in controversy exceeds $75,000.

3.      Pursuant to 28 U.S.C. § 1391, venue is proper because the defendants are subject to personal jurisdiction in the District of Massachusetts and without a declaration of rights of the parties, Nautilus will be at risk to suffer damages within Massachusetts.

## Parties

4.      The Plaintiff, Nautilus, is an Arizona corporation with a principal place of business at 7233 E. Butherus Drive, Scottsdale, Arizona. Nautilus is an approved surplus lines insurer in the Commonwealth of Massachusetts.

5.      The defendant, Northeast Tank is a Massachusetts corporation with a principal place of business at 1150 Turnpike Street, Stoughton, Massachusetts.

6.      The defendant, Thomas Energy Center, is a Massachusetts limited liability company with a principal place of business at 1128 Pleasant Street, Worcester, Massachusetts.

## Facts

### The Underlying Action

7.      On May 10, 2018, Northeast Tank filed a lawsuit against Mary Endrowes Demain, Inc. d/b/a Thomas Energy Center and KMSPE Thomas, LLC, in Worcester Superior Court. On July 5, 2018, Thomas Energy Center filed a Counterclaim against Northeast Tank.

8.      Thomas Energy Center alleged the following facts in its Complaint:

(a)     In February 2017, Thomas Energy Center retained Northeast Tank to replace its underground storage tanks for $328,700 ("the Project"). Northeast Tank initially recommended that Thomas Energy Center test to determine the water table depths and whether shoring was necessary. After the testing, Northeast Tank determined that shoring was not necessary. Thomas Energy Center then paid the first installment payment of $83,250. In July 2017, Northeast Tank removed the existing canopy and underground tanks, and began to dig holes for the new tanks;

(b)     Northeast Tank then stated that it could not dig up the underground fuel storage tanks because the soil was compacted, and recommended shoring. A shoring company recommended by Northeast Tank started work but

        eventually abandoned the Project. A second shoring company completed the work in August and September 2017. Northeast Tank then continued with the excavation. Northeast Tank performed recklessly and negligently, causing damage to surrounding property; and

(c)      Once the holes were dug, Northeast Tank placed the new tanks in the ground and demanded payment of the next installment ($83,250). Thomas Energy Center asked that the tank installation be completed before it paid. Northeast Tank then abandoned the project. As a result of Northeast Tank's abandonment and material breach of contract, KMSPE Thomas has incurred approximately $150,000 in damages.

Thomas Energy Center's Counterclaim is attached hereto as Exhibit A.

9.     KMSPE Thomas alleges causes of action for: (a) breach of contract; (b) breach of the implied covenant of good faith and fair dealing; (c) breach of warranty; and, (d) violation of Chapter 93A.

**The Nautilus Policy**

10.     Nautilus Insurance Company issued Environmental Combined Policy No. ECPO1530282-16 to Northeast Tank for the policy period April 12, 2017 to April 12, 2018 (the "Policy"). The Policy's General Liability coverage is subject to a liability limit of $1,000,000 per Occurrence, and a general aggregate liability limit of $2,000,000. The Policy is attached hereto as Exhibit B.

11.     The Nautilus Policy includes a "Commercial General Liability Coverage Form" which affords coverage for "property damage" as follows: "[Nautilus] will pay those sums that the insured becomes legally obligated to pay as damages because of . . . **property damage** in excess of the deductible or self insured retention, if any, to which this insurance applies. [Nautilus] will have the right and duty to defend the insured against any **suit** seeking those damages. However, [Nautilus] will have no duty to defend the insured against any **suit** seeking

damages for . . . **property damage** to which this insurance does not apply." [Exhibit B, ECPO1000 10 06, p. 1]

12. The Policy "applies to . . . **property damage** only if: (1) The . . . **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; [and] (2) The . . . **property damage** occurs during the policy period[.]" [Exhibit B, ECPO1000 10 06, p. 1]

13. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [Exhibit B, ECPO1000 10 06, p. 28].

14. "Property damage" means "a. Physical injury to tangible property, including all resulting loss of use of that property . . . or b. Loss of use of tangible property that is not physically injured." [Exhibit B, ECPO1000 10 06, p. 29]

15. The Policy contains the following exclusions:

The insurance does not apply to:
***

  b.  **Expected Or Intended Injury**

      **Bodily injury** or **property damage** expected or intended from the standpoint of the Insured. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

  c.  **Contractual Liability**

      **Bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement[.]

***

  i.  **Damage To Property**

      **Property damage** to:
***

      (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are

>performing operations, if the **property damage** arises out of those operations; or
>
>(6)   That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.
>
> * * *
>
>Paragraph (6) of this exclusion does not apply to **property damage** included the **products-completed operations hazard**.
>
> * * *
>
>k.   Damage To Your Work
>
>**Property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard**.
>
>This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

[Exhibit B, ECPO1000 10 06, pp. 3-5].

16.   Your work" includes "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations[.]" [Exhibit B, ECPO1000 10 06, p. 30].

17.   The "Products-completed operations hazard" is defined as "all . . . **property damage** occurring away from premises you own or rent and arising out of **your product** or **your work** except: … [w]ork that has not yet been competed or abandoned." [Exhibit B, ECPO1000 10 06, p. 29].

18.   The Policy excludes from coverage "[a]ny claim seeking payment of: a. Fines, penalties, or multiplied damages; [or] b. Punitive or exemplary damages, except where allowable by law[.]" [Exhibit B, ECPO1000 10 06, p. 17].

**Nautilus' Defense of Northeast Tank**

19. Nautilus has been providing Northeast Tank with a defense against the Underlying Matter subject to a reservation of rights.

20. In a November 20, 2020, coverage position letter, Nautilus explained that:

> [T]he normal, foreseeable, and expected consequences of faulty or incompletely performed work do not constitute an "occurrence." Thus, Nautilus will have no duty to indemnify Northeast Tank against the costs or damages arising from replacing, repairing, restoring, or completing Northeast Tank's work at the Project. Nautilus's duty to defend and indemnify Northeast Tank is limited to allegations that the alleged construction defects damaged property other than Northeast Tank's work. KMSPE Thomas has alleged that Northeast Tank damaged "surrounding property." Nautilus' potential duty to indemnify Northeast Tank is limited to damages arising from the remediation of the "surrounding property."

21. On March 16, 2021, Thomas Energy Center served Third Supplemental Answers to Northeast Tank's Interrogatories [attached hereto as Exhibit C]. In this response, Thomas Energy Center declared that it was "withdrawing [its] demand or pursuit of property damages in this matter for costs associated with any property damage, including but not limited to the damages identified in (C) above." In Second Supplemental Answer No. 19, Part C, Thomas Energy Center had sought damages for property damage allegedly caused by Northeast Tank while performing excavation and site work (including cement apron and sidewalk repair, vacuum replacement, and glass frame replacement).

22. As a result of Thomas Energy Center's Third Supplemental Answers to Northeast Tank's Interrogatories, Thomas Energy Center no longer seeks to recover for any potentially covered "property damage."

## COUNT I
### (Declarations of Rights and Obligations Concerning the Underlying Action)

23. Nautilus incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth again herein.

24. This is a claim for declaratory relief concerning insurance coverage for the defense liabilities that the Underlying Action presents, and/or for the potential indemnity liabilities that it presents.

25. An actual controversy exists as to whether Nautilus owes any coverage obligations, defense or indemnity, under the Nautilus Policy for any of the allegations in the Underlying Action.

26. Nautilus is entitled to declaration that it is not obligated to defend or indemnify Northeast Tank because Thomas Energy Center no longer seeks to recover "property damage" arising from an "occurrence," all remaining allegations fall within the scope of Policy exclusions.

## PRAYERS FOR RELIEF

**WHEREFORE** the plaintiff, Nautilus Insurance Company, respectfully requests that this Court enter an Order declaring that:

a. Nautilus is not obligated to defend or indemnify Northeast Tank against the Underlying Action; and

b. Nautilus may withdraw the defense that is being provided to Northeast Tank for the Underlying Action.

Nautilus respectfully requests that this Court award such further relief as it deems just and proper.

**Nautilus demands trial by jury on all issues so triable.**

                                      Respectfully submitted, Plaintiff,
                                      NAUTILUS INSURANCE COMPANY,
                                      By its attorneys,

/s/ Robert J. Maselek, Jr.
Robert J. Maselek, Jr. (BBO No. 564690)
**MCDONOUGH, COHEN & MASELEK, LLP**
205B Willow Street, 2nd Floor
South Hamilton, MA 01982
Tel: (617) 742-6520
Fax: (617) 742-1393
rmaselek@mcmlawfirm.com

Dated:  April 13, 2021